UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES A. STUART, JR.,                        Case No. 15-mc-41-pp

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

---

**ORDER DISMISSING PLEADING WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM**

---

      On July 15, 2015, James A. Stuart, Jr.[1] filed a document entitled "Expressed Statement of Interest and Declaration of James A. Stuart, Jr. Civilian/Grantor/Beneficiary Libel/Petitioner." Dkt. No. 1. This nineteen-page document makes numerous references to equitable rights, to a "trust res known as . . . case no. 10-CR-288," and to one of the district court judges in the Eastern District. The "trust res" of case no. 10-CR-288 appears to be Mr. Stuart's December 7, 2011 conviction, after a jury trial before Hon. Charles N. Clevert, Jr., on three counts of tax evasion, in violation of 26 U.S.C. §7201. The pleading Mr. Stuart filed on July 15 states that he "withdraw[s] all signatures for instrument 10-CR-288 and all related matters to the instrument 10-CR-288 and re deposit in Special to hold in trust." Dkt. No. 1 at 4. Mr. Stuart also asserts that only equitable rules apply to him, and that "any other statutory

---

[1] Mr. Stuart refers to himself throughout his pleading as "james a. stuart, jr."—all lower-case—and asks for a receipt showing his name in that fashion and his "equitable case number." Dkt. No. 1 at 16.

1

rules, codes, do not apply to [him] and there are no facts that exist to prove that they do." Id. at 10.

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual

2

allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

The pleading Mr. Stuart filed on July 15, 2015 does not meet the federal pleading standards. There is no cause of action that allows him to withdraw signatures on documents in a 2010 prosecution. The pleading does not state what Mr. Stuart believes was done to him, or by whom. He does not state how the United States—which he has named as a "respondent"—has violated any common or statutory law. He does not clearly state what relief he wishes.

If this is an attempt to somehow overturn or reverse Mr. Stuart's 2011 tax evasion conviction, filing a miscellaneous proceeding three and a half years later is not the correct procedure for doing so. If Mr. Stuart seeks some kind of relief from the court, he must use the procedures required by the court—file a civil complaint, or a habeas corpus petition, follow the Federal Rules of Civil Procedure and the court's local rules, clearly state the relief he seeks, etc.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim upon which relief can be granted.

Dated in Milwaukee this 28th day of July, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

3

Case 2:15-mc-00041-PP   Filed 07/28/15   Page 3 of 3   Document 2